UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:17-cv-1419 DB<br><br><br><br>ORDER |

　　　　This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1] (ECF No. 21.) Plaintiff brought this action seeking judicial review of a final administrative decision denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act ("the Act") and for Supplemental Security Income under Title XVI of the Act. On September 17, 2018, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion in part, reversed the decision of the Commissioner, and remanded this action for further proceedings. (ECF No. 19.)

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 6 & 8.)

1

On December 14, 2018, plaintiff filed the pending motion for attorney's fees. (ECF No. 21.) Defendant filed an opposition on January 14, 2019. (ECF No. 22.)

**STANDARDS**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

**ANALYSIS**

Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation, and that plaintiff's net worth did not exceed two million dollars when this

////

action was filed. (ECF No. 3.) Moreover, as explained below, the court finds that the position of the United States was not substantially justified.

**A.     Substantial Justification**

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "'[T]he position of the United States includes both the government's litigation position and the underlying agency action.'" Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified"). "In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified'—not whether the ALJ would ultimately deny disability benefits." Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017).

Here, the ALJ's error was impermissibly rejecting the opinion of an examining physician, Dr. Silvia Torrez, Psy.D. (ECF No. 19 at 5.) Defendant asserts that "the ALJ gave several reasons for giving little weight to Dr. Torrez's opinion, all of which were consistent with the applicable regulations and case law, and all of which had some substance or support in the record." (Def.'s Opp.'n (ECF No. 22) at 4.) This assertion is incorrect, as articulated fully in the September 17, 2018 order.[2]

---

[2] Defendant argues in a footnote that because the court did not explicitly state that the ALJ's decision was not supported by substantial evidence, "but instead found legal error . . . the government's losing this case does not give the 'strong indication' of lack of substantial justification[.]" (Def.'s Opp.'n (ECF No. 22) at 9.) However, the ALJ could only have rejected the examining physician's opinion for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. The ALJ failed to provide a specific and legitimate reason. Thus, there was no specific or legitimate reason given for which the court could then consider if it was supported by substantial evidence in the record.

3

As explained by that order, the ALJ's errors included discrediting the examining physician's opinion based on the assertion that most of the symptoms were "subjectively reported." (Tr. at 33.) But case law explains that "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." Buck v. Berryhill, 869 F.3d 1040, 1049 (9th Cir. 2017); see also Poulin v. Bowen, 817 F.2d 865, 873 (D.C. Cir. 1987) ("unlike a broken arm, a mind cannot be x-rayed").

The ALJ also asserted that the physician's examination revealed "minimal symptoms" and that the record revealed "no significant mental status findings" when plaintiff was medication compliant, without any discussion of specific evidence to support this finding or even a citation to the record. (Tr. at 33.) And prior to this finding, the ALJ acknowledged that the record contained Global Assessment of Functioning ("GAF") scores ranging "from 45 to 60, indicating moderate to severe symptoms or moderate to severe impairment in social, occupational or school functioning."[3] (Tr. at 31.) Although the ALJ gave only "little weight" to the "scores below 51," the ALJ afforded "great weight" to "the scores 51 and above[.]" (Id. at 32.) "A GAF score between 51 to 60 describes 'moderate symptoms' or any moderate difficulty in social, occupational, or school functioning.'" Garrison v. Colvin, 759 F.3d 995, 1003 n.4 (9th Cir. 2014) (emphasis added).

In this regard, not only did the ALJ fail to explain how the ALJ determined that plaintiff demonstrated "minimal symptoms" on examination or that the record revealed "no significant mental status findings," there was also an inconsistency between these findings and other findings made by the ALJ. This is, of course, why the ALJ is required to explain and support such

---

[3] A GAF score represents a present rating of overall psychological functioning on a scale of 0 to 100. See Diagnostic and Statistical Manual of Disorders, at 34 (Am. Psychiatric Ass'n, 4th Ed. 2000) ("DSM-IV"); see also Keyser v. Commissioner Social Sec. Admin., 648 F.3d 721, 723 (9th Cir. 2011) ("A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment."). "GAF scores are typically assessed in controlled, clinical settings that may differ from work environments in important respects." Garrison v. Colvin, 759 F.3d 995, 1003 n.4 (9th Cir. 2014).

4

findings.[4]  As explained by the case law:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

The court's September 17, 2018 order also noted that the ALJ discredited the examining physician's opinion based on the assertion that it was "inconsistent with the claimant's high activities of daily living," which included "light household chores," personal care, childcare, visiting with family, internet browsing, attending church, and "texting[.]" (ECF No. 19 at 7.)  As noted by the court's order, this is inconsistent with the applicable regulations, which provide that the Commissioner does not consider "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity."  20 C.F.R. § 404.1572(c).  It is also inconsistent with case law.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.").

Based on these errors and the errors identified in the September 27, 2018 order, the court cannot find that the government's litigation position and the underlying agency action were substantially justified or that the government's position had a reasonable basis both in law and fact.  See Trujillo v. Berryhill, 700 Fed. Appx. 764, 766 (9th Cir. 2017) ("the existence of precedents construing similar statutes or similar facts is an important factor in determining

---

[4] Defendant's opposition attempts to provide the explanation and citations to the record that were lacking from the ALJ's decision.  The court, however, may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions.  See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

whether the government's litigation position was substantially justified"); Roe v. Commissioner of Social Security, 651 Fed. Appx. 583, 585 (9th Cir. 2016) ("Well-established Ninth Circuit precedent provides that an ALJ commits legal error when it fails to follow the agency's regulatory procedures[.]"); McLean v. Colvin, 648 Fed. Appx. 621 (9th Cir. 2016) ("The ALJ's mischaracterization of, and failure to weigh properly, the record evidence cannot be said to be justified to a degree that could satisfy a reasonable person."); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and fundamental errors such as the ones in the present case is difficult to justify").

### B. Plaintiff's Fee Request

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A. Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[5] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, after drafting a thorough motion for summary judgment and reply brief, plaintiff successfully obtained a remand for further proceedings. Including the time spent on briefing the EAJA motion, plaintiff's motion seeks compensation for 28.8 hours of attorney time. (ECF No. 21 at 2.) The court finds the hours expended to be reasonable, especially when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court.

---

[5] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested attorney rate is equal to, or lower than, the statutory maximum rates established by the Ninth Circuit. (ECF No. 21-1 at 6.)

See Stamper v. Colvin, No. 2:12-cv-0192 AC, 2013 WL 6839691, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours to be a reasonable amount of time); Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."). See generally Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Accordingly, after carefully reviewing the record and the pending motion, the court declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Commissioner, I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990) ("the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items"); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Duran v. Colvin, No. 2:11-cv-2978 DAD, 2013 WL 5673415, at *2 (E.D. Cal. Oct. 17, 2013).

**C. Fee Award**

Plaintiff "proposes that any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt.." (Pl.'s Mot. (ECF No. 21-1) at 7.) However, as plaintiff's motion acknowledges, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-

0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); <u>Calderon v. Astrue</u>, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); <u>Castaneda v. Astrue</u>, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).

Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel.

The court will incorporate such a provision in this order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 21) is granted;

2. Plaintiff is awarded $5,773.28 in attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant is directed to determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees to be made directly to plaintiff.

Dated: March 29, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\alvarez1419.eaja.ord